**Rosalva PALMA–GUERRA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–71548.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2008.*

Filed Nov. 13, 2008.

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rosalva Palma–Guerra, Los Angeles, CA, pro se.

Daniel Eric Goldman, Esquire, Senior Litigation Counsel, Andrew B. Insenga, Trial U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

### MEMORANDUM **

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's second motion to reopen proceedings to apply for relief under the Convention Against Torture.

■ Petitioner's "motion to reconsider," filed on August 1, 2008, is construed as a response to the court's July 11, 2008 order to show cause. In that response, petitioner asserts that the BIA erred in characterizing her motion to reopen as seeking relief from removal to Mexico. Petitioner states that she is from Guatemala and was ordered removed to Guatemala, not to Mexico. A review of the record, however, indicates that the motion petitioner filed or had filed on her behalf asserts the existence of widespread torture in Mexico and requests relief from removal to Mexico. Thus, the BIA properly characterized the motion to reopen.

We find that the BIA did not abuse its discretion in denying petitioner's motion to reopen because the motion to reopen was untimely and did not meet any of the regulatory exceptions. *See* 8 C.F.R. § 1003.2(c)(2), (3); *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002).

■ To the extent petitioner challenges the BIA's decision declining to exercise its *sua sponte* authority to reopen, we lack jurisdiction. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.